# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ALFONSO FIMBRES-GONZALEZ,<br><br>    Defendant-Petitioner,<br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent. | CASE NO. 06CV0026 IEG<br>*Related to: 02CR2401 IEG*<br><br>**ORDER (1) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255; and (2) DENYING PETITIONER A CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S.C. § 2253(c)**<br><br>(Doc. No. 29.) |

Presently before the court is Jesus Alfonso Fimbres-Gonzalez's ("petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255 because "(1) [petitioner] was not adequately informed by the Court of the potential immigration consequences of the plea; ... (2) [petitioner] was denied the effective assistance of counsel; ... (3) the plea was not entered knowingly, intelligently, freely or voluntary (sic);" and (4) petitioner did not knowingly and intelligently waive his right to a jury trial. (Petition at 1-2; Reply at 18.) For the reasons stated below, the Court denies the motion.

## BACKGROUND

**A.    Factual Background**

On November 20, 2002, petitioner pleaded guilty to one count of willfully resisting, impeding,

1 and interfering with certain federal officers or employees pursuant to title 18 U.S.C. § 111(a-b).[1]
2 Petitioner pleaded guilty in exchange for the government's concession of a downward departure in
3 its sentencing recommendation. (Exhibit 1, ISO Opp., Plea Agreement ("Plea Agreement") at ¶ XI.)
4 Paragraph XI of petitioner's plea agreement also stated that "Defendant waives, to the full extent of
5 the law, any right to appeal or to collaterally attack the conviction and sentence ... unless the court
6 imposes a custodial sentence greater than the high end of the guideline range." (Plea Agreement at
7 ¶ XI.) Paragraph VI of petitioner's plea agreement indicated that petitioner knowingly and voluntarily
8 agreed to plead guilty. (Id. at ¶ VI.)

9 At petitioner's disposition hearing, petitioner stated that he had read and understood his plea
10 agreement, that he had spoken with his attorney about his plea agreement and his attorney had
11 provided him "satisfactory" answers, that he waived his right to collaterally attack his sentence, and
12 that he entered into the plea agreement voluntarily.[2] (Transcript of Disposition Hearing at 10:5-23;
13 19:4-23; and 18:17-19-3.) Petitioner also indicated to the Court that he understood that his decision
14 to plead guilty could effect his immigration status. (Id. at 17:20-18:4.) On February 10, 2003, this
15 Court sentenced petitioner to 14 months custody and 3 years supervised release in accordance with
16 his plea agreement. (Exhibit 5, ISO Opp., Transcript of Sentencing, February 10, 2003 ("Transcript
17 of Sentencing") at 18:3-6.) Petitioner also informed the Court that he understood he had given up his
18 right to appeal his sentence. (Id. at 19:6-10.)

19 **DISCUSSION**

20 **A.     Collateral Attack**

21 Petitioner argues that his sentence should be vacated because he was not advised of the
22 potential immigration consequences of his guilty plea as set forth in Cal. Penal Code section 1016.5
23 (Deering 2006), because his plea was involuntary, and because he did not knowingly and intelligently

---

[1] 18 U.S.C. section 111(a) provides in relevant part "whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any... [federal officer] while engaged in or on account of the performance of official duties ... shall ... be fined under this title or imprisoned." Section 111(b) enhances the potential prison term to not more than 20 years for use of a deadly or dangerous weapon.

[2] Petitioner pleaded guilty before Magistrate Judge Leo S. Papas because he signed a "Consent to Rule 11 Plea in a Felony Case Before United States Magistrate Judge." (Exhibit 4, ISO Opp., Transcript of Disposition Hearing, November 20, 2002 ("Transcript of Disposition Hearing"), at 8:5-7.)

waive his right to a jury trial.[3] (Petition at 2; Reply at 11 and 18.)

A petitioner may waive the statutory right to file a section 2255 petition challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). This is precisely what petitioner did when he entered into a plea agreement with the United States. Paragraph XI of the plea agreement provides that petitioner "waives, to the full extent of the law, any right to appeal or collaterally attack the conviction and sentence." (Plea Agreement, ¶ XI.)

An express waiver of the right to appeal in a negotiated plea agreement is valid if knowingly and voluntarily made. See United States v. Portillo-Cano, 192 F.3d 1246 (9th Cir. 1999). A reviewing court looks to the circumstances surrounding the signing and the entry of the plea agreement to determine whether a defendant agreed to its terms knowingly and voluntarily. United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996).

As set forth in the terms of petitioner's plea agreement and the transcript of the disposition hearing, petitioner knowingly and voluntarily waived his right to collaterally attack his sentence. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992) (a motion pursuant to 28 U.S.C. § 2255 is barred by a waiver of appeal and collateral attack).

**B.  Ineffective Assistance of Counsel**

Although petitioner waived his right to collaterally attack the conviction and sentence, the Ninth Circuit has not yet "decide[d] whether even an express waiver of all § 2255 rights could be enforced to preclude an ineffective assistance of counsel claim." United States v. Jeronimo, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005.). Therefore, the Court will look past petitioner's waiver and evaluate the merits of his ineffective assistance of counsel claim.

In order to bring a successful claim for ineffective assistance of counsel, a petitioner must meet two requirements. First, the petitioner must establish that his counsel's performance fell below an objective standard of reasonableness. Summerlin v. Stewart, 341 F.3d 1082, 1093 (9th Cir. 2003)

---

[3] Cal. Penal Code section 1016.5(a) states that "prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant ... if you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

1  (*reversed in part*) (citing Strickland v. Washington, 466 U.S. 668, 688 (1984)).  Second, the petitioner
2  must establish that he was prejudiced by his counsel's deficient performance.  Id. (citing Strickland,
3  466 U.S. at 694).

4      In order to meet the first requirement, the petitioner must overcome the "strong presumption
5  that counsel's conduct falls within the wide range of reasonable professional assistance." Id. (citing
6  Strickland, 466 U.S. at 689).  This requires the petitioner to identify specific material errors and
7  omissions demonstrating that his counsel's performance was outside the range of reasonableness.
8  United States v. Oplinger, 150 F.3d 1061, 1071 (9th Cir. 1998); United States v. Molina, 934 F.2d
9  1440, 1447 (9th Cir. 1989).  To establish prejudice, the petitioner must demonstrate a "reasonable
10 probability that, but for counsel's unprofessional errors, the result of the proceedings would have been
11 different." Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (quoting Strickland, 466 U.S. at 694).  Bald
12 assertions unsupported by facts of ineffective assistance of counsel do not entitle a petitioner to an
13 evidentiary hearing on his counsel's alleged ineffectiveness.  Jones v. Gomez, 66 F.3d 199, 205
14 (1995).

15     Petitioner alleges that his counsel was ineffective because he is now being deported based on
16 his conviction.  Specifically, petitioner contends his counsel performed deficiently because: (1)
17 counsel "misadvised" petitioner "of the nature of the charge against him" and the subsequent
18 immigration consequences (Reply at 10 and 15); (2) counsel incompetently encouraged petitioner to
19 plead guilty to a charge petitioner did not believe he was guilty of thereby rendering his plea
20 involuntary (Id. at 12); and (3) "petitioner was never informed by his counsel that the conviction to
21 which he induced Petitioner to plead guilty (sic) trigger (sic) 'exclusion from admission' to the United
22 States as an aggravated felony;" (Id. at 13.)

23     The record contradicts petitioner's assertions.  At the disposition hearing petitioner affirmed
24 that he had discussed the plea agreement with his attorney, that he understood his plea agreement, and
25 that he was satisfied with the service of his attorney.  Petitioner also explicitly indicated that he
26 understood that his conviction could effect his immigration status.  (Transcript of Disposition Hearing
27 at 17:20-18:4.)  At the disposition and sentencing hearings petitioner's attorney made it clear for the
28 record, because of potential immigration consequences, that petitioner had not pled guilty to forcibly

1  assaulting an officer. (Transcript of Disposition Hearing at 17:20-18:4; Transcript of Sentencing at
2  8:20-9:10.) Rather, counsel emphasized that petitioner had pled guilty to resisting a federal officer
3  in an effort to avoid an automatic removal and deportation associated with a crime of violence. (Id.
4  at 8:16-19; 9:3-6.) Furthermore, regardless of petitioner's assertions to the contrary, "an attorney's
5  failure to advise a client of the immigration consequences of a conviction, without more, does not
6  constitute ineffective assistance of counsel under Strickland."[4] United States v. Kwan, 407 F.3d 1005,
7  1015 (9th Cir. 2005).
8        Because petitioner's claims of ineffective assistance of counsel are wholly unsupported by the
9  record, his ineffective assistance of counsel claim is denied. Furthermore, because the files and
10 records show that petitioner is not entitled to relief, the Court finds an evidentiary hearing on
11 petitioner's claims is unwarranted. 28 U.S.C. § 2255; United States v. Leonti, 326 F.3d 1111, 1116
12 (9th Cir. 2003).

### CONCLUSION

14       For the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence
15 pursuant to 28 U.S.C. § 2255 is hereby **DENIED**.
16 ///
17 ///
18 ///
19 ///
20 ///

---

[4] In Kwan the Ninth Circuit explained that by "more" it meant a showing by the petitioner that "counsel has not merely failed to inform, but has effectively misled, his client about the immigration consequences of a conviction." Kwan, 407 F.3d at 1015. In this case, counsel "never discussed ... the possible immigration consequences that would attach to [petitioner's] guilty plea." (Fimbres-Gonzalez Decla. ISO Petition ¶ 14.) Accordingly, the "more" is missing and petitioner's claim for ineffective assistance of counsel must fail. Moreover, nothing in the record indicates counsel misled petitioner about potential immigration consequences, instead counsel attempted to ensure that his client would not suffer from an automatic removal for a crime of violence. That the Immigration Judge and Board reviewing petitioner's case ultimately based their decisions on the indictment, rather than the conviction, is not evidence of ineffective assistance of counsel. (Exhibit B, ISO Petition, Decision of Board of Immigration Appeals.)

1 | Furthermore, the Court denies petitioner a certificate of appealability.[5]

3 | **IT IS SO ORDERED**.

5 | DATED:      September 5, 2006

Hon. Irma E. Gonzalez, Chief Judge
United States District Court
Southern District of California

---

[5] See 28 U.S.C. § 2253(c) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right.").